# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JEAN CORMIER** | **CASE NO. 6:21-CV-04039 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DONALD LANDRY, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Pro se plaintiff, Jean Cormier ("Cormier"), proceeding *in forma pauperis,* filed the instant complaint on November 12, 2021, pursuant to 42 U.S.C. §1983. Rec. Doc. 1. An amended complaint, on proper forms, was filed on January 12, 2022. Rec. Doc. 4. Cormier is currently incarcerated at the Riverbend Detention Center in Lake Providence, Louisiana. His charges stem from his prosecution in the 15th Judicial District Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Background

Plaintiff's suit against District Attorney Donald Landry and Assistant District Attorney Burleigh Doga alleges malicious prosecution on the part of the defendants. He seeks judicial review of his case and possible dismissal of all charges.

## Law and Analysis

### A. *Frivolity Review*

Cormier has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured

by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### C. Malicious Prosecution

#### a. Individual Capacity

Plaintiff files this suit against District Attorney Donald Landry and Assistant District Attorney Bureligh Doga, arguing that they maliciously prosecuted him in the 15th Judicial District Court, Parish of Acadia. Plaintiff asserts claims for damages against Landry and Doga based upon their actions as prosecutors in connection with Cormier's state court criminal proceedings. To the extent that Cormier asserts these claims against these defendants in their individual capacity, they are immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 227-29 (1988); accord *Hill v. City of Seven Points*, 31 Fed. Appx. 835, [published in full-text format at 2002 U.S. App. LEXIS 30214] 2002 WL 243261, at *10 (5th Cir. 2002); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995).

It is well-established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Quinn v. Roach*, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); *Hill*, 2002 U.S. App. LEXIS 30214, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." *Id*. (quotation omitted); accord *Buckley v. Fitzsimmons*, 509 U.S. 259, 270, 272 (1993); *Quinn*, 326 Fed. Appx. 280, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability . . . under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976)); accord *Quinn*, 326 Fed. Appx. 280, 2009 WL 1181072, at *9; *Hill*, 2002 U.S. App. LEXIS 30214, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford,* 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (quotation omitted);

accord *Champluvier v. Couch*, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); *Hill*, 2002 U.S. App. LEXIS 30214, 2002 WL 243261, at *10.

In the instant case, the actions of the defendants in connection with their prosecution of plaintiff in the 15th Judicial District Court, Parish of Acadia, form the exclusive basis of plaintiff's claims against them. The defendants' actions in initiating and pursuing Cormier's prosecution and conviction fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any action in which the district attorney was functioning outside the scope of prosecutorial immunity. Therefore, all damage claims against the defendants in their individual capacity must be dismissed.

Further, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

### *b. Official Capacity*

To whatever extent, if any, that plaintiff's claim of malicious prosecution can be construed as a claim against defendants in their official capacity as the District Attorney and Assistant District Attorney for the 15th Judicial District of Louisiana, this claim must be dismissed "because [Cormier does] not sufficiently allege that [defendants] acted pursuant to a municipal policy or custom." *Sharp v. Palmisano,* 2013 U.S. Dist. LEXIS 160212, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013).

> Official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)(quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978)) (quotation marks removed). 'As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity .' *Id*. at 166.
>
> '[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation.' *Id*. (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)) (quotation marks removed). '[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law.' *Id*. (quoting *Monell*, 436 U.S. at 694).
>
> '[A] policy may be either a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's governing body (or by one or more officials to whom the governing body has delegated policy-making authority), or a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy.' *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir.1989). 'Isolated instances, on the other hand, are

6

>    inadequate to prove knowledge and acquiescence by policymakers.'
>    *Id*.

*Sharp*, 2013 U.S. Dist. LEXIS 160212, 2013 WL 5969661, at *5.

Cormier asserts no facts whatsoever to state a claim that the defendants alleged malicious prosecution of him was the result of an established policy or custom. "Without specific factual allegations regarding other instances of [false charges and] malicious prosecution, the allegations against [defendants] describe no more than an isolated incident of malicious prosecution, which does not trigger official liability." *Id*. (citing *Yates v. Unidentified Parties*, 73 F. App'x 19, 20 (5th Cir.2003)). Thus, to whatever extent, if any, that Cormier asserts a claim against defendants in their official capacity, this claim must be dismissed.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C.1915(e)(2), as frivolous and for failing to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 1st day of April, 2022.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE